# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 3:19-MJ-00051 |
| | : | |
| | : | |
| | : | (Magistrate Judge Mehalchick) |
| v. | : | |
| | : | |
| TOMAS F. TLATENCHI, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the Court is a motion to revoke or amend the magistrate's order detaining the defendant (Doc. 16), filed by Defendant Tomas F. Tlatenchi ("Tlatenchi") on July 16, 2019. Tlatenchi requests Court reopen and conduct a *de novo* review of the facts of his case as they pertain to the Court's detention order filed July 10, 2019 (Doc. 11), and then revoke the Court's previous order of detention.

I. **PROCEDURAL HISTORY**

Tlatenchi was indicted in the United States District Court for the Eastern District of Kentucky on July 2, 2019. (Doc. 1, at 2). The indictment alleged that Tlatenchi transported two stolen motor vehicles in interstate commerce on or about September 11, 2017, in violation of 18 U.S.C. § 2312. (Doc. 1, at 2). Subsequent to the indictment, the District Court for the Eastern District of Kentucky issued an arrest warrant for Tlatenchi, of 22 Kulp Avenue, Wilkes-Barre, Pennsylvania. (Doc. 1, at 4). Law enforcement officers executed the arrest warrant on July 8, 2019.

The following day, July 9, 2019, Tlatenchi appeared before the Honorable Karoline Mehalchick, Magistrate Judge for the Middle District of Pennsylvania, for a hearing pursuant to Rule 40 of the Federal Rules of Criminal Procedure. Tlatenchi waived a Rule 5 identity hearing, the production of the warrant, and a preliminary hearing. (Doc. 7). The government moved for detention, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142.

On July 10, 2019, the Court entered an order granting the government's motion for pre-trial detention of Tlatenchi. (Doc. 11). The Court subsequently transferred the matter to the Eastern District of Kentucky – from where the charges had originated – along with an Order that the United States Marshals transfer Tlatenchi to the Eastern District of Kentucky for further proceedings. (Doc. 11).[1]

Tlatenchi filed a Motion to Revoke or Amend the Order of Detention with the Middle District of Pennsylvania on July 16, 2019. (Doc. 16).

II. **DISCUSSION**

    A. STANDARD

The issue before the Court is whether the Middle District of Pennsylvania retains the authority to review an order to detain, when the individual was indicted in the court of a different district (the Eastern District of Kentucky).

Review of a detention order is governed by 18 U.S.C. § 3145(b), which states,

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, *with the court having original jurisdiction over the offense*, a motion for revocation or amendment of the order.

---

[1] The undersigned is informed that Tlatenchi has been transferred to the Eastern District of Kentucky pursuant to that Order.

18 U.S.C. § 3145(b)(emphasis added).

The law clearly demands that a party filing a motion for revocation or amendment of a detention order, do so with the court having original jurisdiction over the offense.

For purposes of 18 U.S.C. § 3145, "the court having original jurisdiction over the offense means the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits." *U.S. v. El Edwy*, 272 F.3d 149, 154 (2d Cir. 2001)(quotation omitted); *see U.S. v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003)("We agree with the reasoning of a district court from another circuit that explained … that 'a court having original jurisdiction over the offense' must be interpreted as the district judge assigned to the case").

The court in *El Edwy* goes on to explain that the purpose of the magistrate judge in the district of arrest is only to resolve initial issues of pressing concern, such as whether the correct person is held and to ensure speedy opportunity to seek conditional release. *El Edwy*, 272 F.3d at 153. Ultimate authority on the issue of pre-trial detention, the court makes clear, "lies with the district that has the primary interest in the question – the district in which the prosecution is pending." *El Edwy*, 272 F.3d at 153. The district where prosecution is pending is also the district which holds information related to the circumstances of the offense, as well as information as to the strength of the evidence against the defendant. *El Edwy*, 272 F.3d at 154.

B. <u>THE MIDDLE DISTRICT OF PENNSYLVANIA DOES NOT HAVE ORIGINAL JURISDICTION OVER THE OFFENSE</u>

The charges against Tlatenchi were brought in the Eastern District of Kentucky, making the Eastern District of Kentucky the court of original jurisdiction. (Doc. 1); *see U.S. v. El Edwy* 272 F.3d at 154 (explaining that original jurisdiction corresponds to where prosecution is pending). Since 18 U.S.C. § 3145(b) demands that any motion for revocation

3

or amendment of a detention order be filed with the court having original jurisdiction over the offense, Tlatenchi must file the motion at hand in the Eastern District of Kentucky.

III. CONCLUSION

Based on the foregoing, the Court finds that the Middle District of Pennsylvania is without jurisdiction to rule on the Motion to Revoke or Amend the Magistrate's Order Detaining the Defendant, and denies it on that ground.

BY THE COURT:

Dated: October 18, 2019

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**